# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 22-cr-68-SDD-SDJ |
| | : | |
| CLARENCE COREY ANDERSON | : | |

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Clarence Corey Anderson ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

## A.    THE DEFENDANT'S OBLIGATIONS

### 1.    Guilty Plea

The defendant agrees to enter a plea of guilty to Count 12 of an Indictment charging him with unlawful use of communication facilities, in violation of 18 U.S.C. § 843(b).

### 2.    Financial Information

The defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court.  Further, the defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request.  Any financial information provided by the defendant may be used by the United States to collect any

financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

**B.    UNITED STATES' OBLIGATIONS**

    **1.    Non-Prosecution of Charges/Dismissal of Charges**

The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss the remaining counts in the Indictment as to this defendant, after sentencing, and will not prosecute defendant, in this district, for any offense related to the offenses charged in the Indictment.

    **2.    Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement,

including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

## C.   **SENTENCING**

### 1.   **Maximum Statutory Penalties**

The maximum possible penalty on Count 12 is a term of imprisonment of four years, a fine of up to $250,000, and a term of supervised release of one year.

In addition to the above, the Court must impose a special assessment of $100, which is due at the time of sentencing.  The Court may also order restitution.

### 2.   **Supervised Release**

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions.  Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to 1 year, without credit for any time already served on the term of supervised release.

### 3.   **Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court.  The Court could impose

any sentence up to the maximum possible penalty as set out above despite any lesser or

greater sentencing range provided for by the Sentencing Guidelines.

**4.     No Agreement Regarding Sentencing**

Except as set forth in this agreement and the supplement to the plea agreement, the

United States makes no promises, representations, or agreements regarding sentencing.  In

particular, the United States reserves the right to present any evidence and information, and

to make any argument, to the Court and the United States Probation Office regarding

sentencing.

**D.     FACTUAL BASIS**

The United States and the defendant stipulate to the following facts:

> On or about November 5, 2018, in the Middle District of Louisiana, defendant communicated with co-defendant Francisco Palma using communication facilities, that is, cellular phones with the intent to commit drug trafficking charges. During the communication, Anderson and Palma discussed Palma's ability to obtain cocaine from a source of supply and defendant's interest in purchasing an amount of that cocaine from Palma. Defendant knowingly and intentionally communicated with Palma by using his cellular phone with number (504) XXX-XX42 and with Palma using a cellular phone with number (832) XXX-XX68. Defendant used the cellular phone with the intent to commit the felony offense of conspiracy to possess with intent distribute cocaine. The parties stipulate that the weight of the cocaine discussed during said call was at least 500 grams and less than 3.5 kilograms.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of

facts is true and correct in all respects.  The United States and the defendant agree that, had

this matter gone to trial, the United States could have proved such facts.  The United States

and the defendant further agree that such facts are sufficient to support conviction of the

offense to which the defendant has agreed to plead guilty.  The defendant understands that,

by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

## E.  BREACH AND ITS CONSEQUENCES

### 1.  Conduct Constituting Breach

Any of the following actions by the defendant constitutes a material breach of this agreement:

a.  failing to plead guilty to Count 12 of the Indictment at re-arraignment;

b.  representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Count 12 of the Indictment;

c.  moving to withdraw his guilty plea;

d.  filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

e.  disputing or denying guilt of the offense to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

f.  providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

g.  violating the terms of this agreement or the supplement to the plea agreement in any other manner.

2.    **Consequences of Breach**

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement.  In particular, the United States may prosecute the defendant for any criminal offense.  In addition, any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation.  Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). The defendant is not entitled to withdraw his guilty plea.

3.    **Procedure for Establishing Breach**

The United States will provide written notice to the defendant or his attorneys if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by the defendant.  After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial

determination regarding breach.  However, the United States will obtain a judicial

determination regarding breach prior to using statements and information provided by the

defendant or any act of producing documents or items by the defendant pursuant to this

agreement or the supplement to the plea agreement, or any evidence or information derived

therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case.

The standard of proof in any proceeding to determine whether the plea agreement or the

supplement to the plea agreement has been breached is preponderance of the evidence.  To

prove a breach, the United States may use (1) any and all statements of the defendant, (2) any

and all statements of his counsel to the Court (including the United States Probation Office),

and (3) any representation by defense counsel to the United States that the defendant will not

plead guilty.

**F.     WAIVERS BY THE DEFENDANT**

    **1.     Waiver of Trial Rights**

By pleading guilty, the defendant waives the right to plead not guilty or to persist in a

not guilty plea and waives the right to a jury trial.  At a trial, the defendant would have the

trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to

confront and examine adverse witnesses, to be protected against compelled self-

incrimination, to testify and present evidence, to compel the attendance of witnesses, and to

have the jury instructed that the defendant is presumed innocent and the burden is on the

United States to prove the defendant's guilt beyond a reasonable doubt.  By waiving his right

to a trial and pleading guilty, the defendant is waiving these trial rights.

2.    **Waiver of Appeal and Collateral Remedies**

Except as otherwise provided in this section, the defendant hereby expressly waives

the right to appeal his conviction and sentence, including any appeal right conferred by 28

U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any

post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. §

2255, or 18 U.S.C. § 3582(c)(2).  This waiver applies to any challenge on appeal or in any

post-conviction proceeding to any aspect of the defendant's sentence, including

imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of

supervised release or probation.  The defendant, however, reserves the right to appeal the

following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence

which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-

Guidelines sentence or "variance" which is above the guidelines range calculated by the

Court.  Notwithstanding this waiver of appeal and collateral remedies, the defendant may

bring any claim of ineffectiveness of counsel.

3.    **Waiver of Statute of Limitations**

The defendant hereby waives all defenses based on the applicable statutes of

limitation as to the offense charged in the Indictment, including those that the United States

has agreed to dismiss in Section B(1), and all offenses that the United States has agreed not

to prosecute, as long as such offenses are not time-barred on the effective date of this

agreement.  The defendant likewise waives any common law, equitable, or constitutional

claim of pre-indictment delay as to such offenses, as long as such offenses are not time-

barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

### 4.    **Waiver of Speedy Trial Rights**

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offense charged in the Indictment, including those that the United States has agreed to dismiss in Section B(1). The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

### G.    **EFFECT OF AGREEMENT**

### 1.    **Effective Date**

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on the defendant and the United States.

2.     **Effect on Other Agreements**

This agreement incorporates the supplement to the plea agreement which will be filed

under seal with the Court.  In this district, the Court requires that a sealed supplement be

filed with every plea agreement regardless of whether the defendant is cooperating.  The

supplement either states that the defendant is not cooperating or provides the terms of the

defendant's agreement to cooperate. This plea agreement, along with the aforementioned

supplement to the plea agreement, supersedes any prior agreements, promises, or

understandings between the parties, written or oral, including any proffer agreement.

3.     **Effect on Other Authorities**

The agreement does not bind any federal, state, or local prosecuting authority other

than the United States Attorney's Office for the Middle District of Louisiana.

4.     **Effect of Rejection by Court**

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement

and the supplement to the plea agreement.  If the Court rejects the plea agreement and the

supplement, the plea agreement and the supplement are no longer binding on the parties and

are not binding on the Court.  If the Court rejects the plea agreement and the supplement, the

defendant will be given the opportunity to withdraw his plea, and such withdrawal will not

constitute a breach of the agreement.  If the defendant does not withdraw his plea following

rejection of the plea agreement and the supplement, the disposition of the case may be less

favorable to the defendant than contemplated by the plea agreement.

## H.    REPRESENTATIONS AND SIGNATURES

### 1.    By The Defendant

I, Clarence Corey Anderson, have read this plea agreement and have discussed it with my attorneys. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorneys (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and discussed it with my attorneys. I fully understand the nature of Count 12 of the Indictment, including the elements.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of Count 12 of the Indictment.

I am satisfied with the legal services provided by my attorneys and have no objection to the legal representation I have received.

_____     DATE: _4/3/25_____
Clarence Corey Anderson
Defendant

2.    **By Defense Counsel**

I have read the Indictment and this plea agreement and have discussed both with my client, Clarence Corey Anderson, who is the defendant in this matter.  I am satisfied that the defendant understands the agreement and the charge against him, including the elements. I am also satisfied that the defendant is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_____     DATE: _4/3/25_____
Todd Clemons
Counsel for Defendant

_____     DATE: _4/3/25_____
Micah Clemons
Counsel for Defendant

3.    **By the United States**

We accept and agree to this plea agreement on behalf of the United States.  This

agreement, together with the supplement to the plea agreement, accurately and completely

sets forth the entire agreement between the defendant and the United States.

_____          DATE: ___04|03|25_____

April M. Leon
Acting United States Attorney
Middle District of Louisiana


_____          DATE: __4/8/25_____

Eli J. Abad
Assistant United States Attorney
Middle District of Louisiana